**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-5070**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY SPRATLEY,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (CR-04-168)

_____

Submitted:  June 24, 2005              Decided:  July 11, 2005

_____

Before LUTTIG, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Frank W. Dunham, Jr., Federal Public Defender, Amy L. Austin, Meghan S. Skelton, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, N. George Metcalf, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Spratley pled guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2000), and was sentenced to 41 months of imprisonment. He appeals his conviction, arguing the district court erred in denying his motion to suppress. Finding no error, we affirm.

Spratley alleges that the evidence obtained pursuant to his stop and arrest should have been suppressed. We review the district court's factual findings underlying a motion to suppress for clear error and its legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court construes the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

The initial contact between police officers and Spratley was consensual. See United States v. Weaver, 282 F.3d 302, 309 (4th Cir. 2002). The officers had reasonable suspicion to seize Spratley and conduct a pat-down search based on the totality of the circumstances, including the unusual manner in which he parked his car, his nervous behavior, the bulge in his pocket, and the gun in plain view in his car. See, e.g., United States v. Sokolow, 490 U.S. 1, 8 (1989); Weaver, 282 F.3d at 309-10. Moreover, to the extent Spratley's claim regarding the seizure of the gun from his

- 2 -

car is properly before the court, the gun was properly seized because part of the gun was concealed, making its incriminating character apparent. <u>See</u> <u>United States v. Jackson</u>, 131 F.3d 1105, 1109 (4th Cir. 1997). Accordingly, our review of the record reveals no reversible error.

We affirm Spratley's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>